FERNANDEZ, J.,
concurring.
Although I agree with the majority that prohibition does not lie under these circumstances, I write only to express one concern: a proceeding that flows from a motion to modify timesharing[1] after a final judgment has already established time-sharing may result in a significant waste of judicial resources and of the parties’ time. This is particularly true where an objection to the proceeding was properly raised. We have previously held that a trial court abuses its discretion when it proceeds on a motion for modification under circumstances that require the filing of a supplemental petition for modification pursuant to Florida Family Law Rule of Procedure 12.110. See Braswell v. Braswell, 935 So.2d 604, 606 (Fla. 3d DCA 2006); Cuartas v. Cuartas, 951 So.2d 980, 983-85 (Fla. 3d DCA 2007).
LOGUE, J., concurs.

. A motion to establish timesharing is no different than a motion to modify timesharing where a final judgment has already established timesharing.